# EXHIBIT 4

|   |   |
|---|---|
|   | Judge Laura C. Inveen |

SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

| | |
|---|---|
| FEDERAL HOME LOAN BANK OF SEATTLE,<br><br>Plaintiff,<br><br>v.<br><br>BANC OF AMERICA SECURITIES LLC, et al.,<br><br>Defendants, | No. 09-2-46319-1 SEA<br><br>**ORDER ON DEFENDANTS' MOTIONS TO DISMISS THE AMENDED COMPLAINTS** (*Choice of Law, Legal Standard, 3rd-Party Statements and Opinions, "Lone Star", and Risk Disclosures Issues*) |
| FEDERAL HOME LOAN BANK OF SEATTLE,<br><br>Plaintiff,<br><br>v.<br><br>BEAR, STEARNS & CO., INC., et al.,<br><br>Defendants. | No. 09-2-46298-4 SEA |
| FEDERAL HOME LOAN BANK OF SEATTLE,<br><br>Plaintiff,<br><br>v.<br><br>BARCLAYS CAPITAL, INC., et al., | No. 09-2-46320-4 SEA |

ORDER ON DEFENDANTS' MOTIONS TO DISMISS

| | | |
|---|---|---|
| 1 | Defendants. | |
| 2 | | |
| 3 | FEDERAL HOME LOAN BANK OF SEATTLE, | |
| 4 | Plaintiff, | No. 09-2-46321-2 SEA |
| 5 | v. | |
| 6 | COUNTRYWIDE SECURITIES CORPORATION, et al., | |
| 7 | | |
| 8 | Defendants. | |
| 9 | FEDERAL HOME LOAN BANK OF SEATTLE, | |
| 10 | Plaintiff, | No. 09-2-46347-6 SEA |
| 11 | v. | |
| 12 | RBS SECURITIES, INC., et al., | |
| 13 | Defendants. | |
| 14 | | |
| 15 | FEDERAL HOME LOAN BANK OF SEATTLE, | |
| 16 | Plaintiff, | No. 09-2-46348-4 SEA |
| 17 | v. | |
| 18 | MORGAN STANLEY & CO., INC., et al., | |
| 19 | Defendants. | |
| 20 | FEDERAL HOME LOAN BANK OF SEATTLE, | |
| 21 | | |
| 22 | Plaintiff, | No. 09-2-46349-2 SEA |
| 23 | v. | |
| 24 | GOLDMAN SACHS & CO., et al., | |
| 25 | Defendants. | |
| 26 | | |

ORDER ON DEFENDANTS' MOTIONS TO DISMISS

| | | |
|---|---|---|
| 1<br>2<br>3<br>4<br>5<br>6 | FEDERAL HOME LOAN BANK OF SEATTLE,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>UBS SECURITIES, LLC, et al.,<br><br>　　　　　　　Defendants. | No. 09-2-46350-6 SEA |
| 7<br>8<br>9<br>10<br>11<br>12 | FEDERAL HOME LOAN BANK OF SEATTLE,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>DEUTSCHE BANK SECURITIES, INC., et al.,<br><br>　　　　　　　Defendants. | No. 09-2-46351-4 SEA |
| 13<br>14<br>15<br>16<br>17<br>18 | FEDERAL HOME LOAN BANK OF SEATTLE,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., et al.,<br><br>　　　　　　　Defendants. | No. 09-2-46352-2 SEA |
| 19<br>20<br>21<br>22<br>23 | FEDERAL HOME LOAN BANK OF SEATTLE,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>CREDIT SUISSE SECURITIES (USA) LLC, et al.,<br><br>　　　　　　　Defendants. | No. 09-2-46353-1 SEA |

ORDER ON DEFENDANTS' MOTIONS TO DISMISS

A. **Choice of Law**

Seattle Bank pleads only one claim with respect to each security in each of the 11 actions before this Court: a claim for rescission under the WSSA, RCW 21.20.010(2). Defendants argue that the WSSA does not apply because New York law, specifically the Martin Act, rather than Washington law, governs these actions.

The WSSA is a remedial statute, the primary purpose of which is to protect investors. *Go2Net, Inc. v Freeyellow.com*, 126 Wn. App 769, 777, 109 P. 3d 875 (2005). Defendants argue a traditional "choice of law" analysis should be conducted. If that is the case, most surely it would be determined that New York has the most significant contacts. Applying a choice of law analysis is contrary to Judge Kiser's reasoning in *Lintz v. Carey*, 613 F. Supp. 543 (W. D. Virginia, 1985), where she held that no "conflicts of law" issue is presented when one state's Blue Sky law provides greater remedies than another's. Under that analysis, the only limitation to applying the forum state's law is the requirement that the state have a real nexus to the transaction. Judge Kiser's decision in *Lintz* was so persuasive that it caused a leading scholar on Blue Sky Laws to revise his treatise to make it consistent with Kiser's analysis. Long, Blue Sky Law, WL 12 Blue Sky Law 4:2, fn. 23. The undersigned is similarly persuaded. Washington has a real nexus to the facts underlying this litigation.

*Haberman v. WPPS*, 109 Wn.2d 107, 744 P. 2d 1032 (1987) and *Ito v. Prescott*, 83 Wn. App 282, 921 P. 2d 566 (1996), relied upon by Defendants, are distinguishable, in that neither case involved the contention that another state's securities act applied.

The Court holds that the WSSA applies to these actions.

B. **Standard on a Motion to Dismiss**

"Dismissal is warranted only if the court concludes, beyond a reasonable doubt, the plaintiff cannot prove any set of facts which would justify recovery. The court presumes all facts alleged in the plaintiff's complaint are true and may consider hypothetical facts

ORDER ON DEFENDANTS' MOTIONS TO
DISMISS - Page 1

supporting the plaintiff's claims." *Kinney v. Cook*, 159 Wn.2d 837, 842 (2007). The purpose of a motion to dismiss is to "determine only if there is any possible set of facts for each claim under which recovery could be granted. In many instances the bondholders have alleged multiple theories under which they could recover under a single claim." *Hoffer v. State*, 110 Wn.2d 415, 421 (1988). Washington has not adopted the more stringent pleading standards that have recently been adopted by the United States Supreme Court. *McCurry v. Chevy Chase Bank, FSB*, 169 Wn.2d 96, 101 (2010). The Court will consider the decisions of federal courts interpreting Section 12 of the Securities Act of 1933, but the Court recognizes that "the WSSA has a different purpose than the federal statute, in that it endeavors to protect investors, not just the integrity of the marketplace. Accordingly, our statute is more broadly construed." *Hoffer v. State*, 113 Wn.2d at 152.

It is also important to note that the Amended Complaint does not allege fraud, and therefore the particularity requirement of CR9(b) does not apply. Some of the cases Defendants' cite in their briefing on many issues are decided under such a standard, and their authority must be considered in that context. The allegations of misstatements by third parties do not constitute an allegation of fraud against defendants triggering the CR9(b) requirements.

C.  **Untrue or Misleading Statements**

To state a claim under the WSSA, Seattle Bank must allege for each securitization that the defendants made at least one "untrue statement of a material fact" or "omit[ted] to state a material fact necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading." RCW 21.20.010(2). To satisfy the first element, Seattle Bank alleges four categories of untrue and misleading statements in its amended complaints: (1) that defendants understated the loan-to-value ratios of the mortgage loans in each securitization; (2) that defendants overstated the number of primary residences in each securitization; (3) that defendants failed to disclose that the originators of

ORDER ON DEFENDANTS' MOTIONS TO
DISMISS - Page 2

the mortgage loans in each securitization regularly departed from their own underwriting standards; and (4) that it was misleading for defendants to state that the certificates that they sold to Seattle Bank were rated triple-A without also stating that the rating agencies did not have accurate information about the mortgage loans when they arrived at those ratings.

Defendants argue that, for several reasons, none of these four categories of statements is actionable under the WSSA. Each of defendants' arguments is considered separately below.

### 1. Opinions

Defendants argue that statements in the prospectus supplements regarding appraisals, loan-to-value ratios, and credit ratings cannot be false or misleading because they are non-actionable statements of opinion. The Court finds that the mere fact that a statement involves some element of judgment or subjectivity does not automatically render the statement non-actionable as a matter of law. The amended complaints allege that each of these categories of statements is based on verifiable facts and professional guidelines and methodologies, and the amended complaints sufficiently allege that these statements may prove to have been false or misleading.

Defendants' motions to dismiss these allegations are DENIED.

### 2. Statements of Third Parties

Defendants argue that statements in the prospectus supplements regarding principal residences, credit ratings, and appraisals are not actionable because "under Washington law, accurate reports of third-party statements are not actionable, even if the third-party's statement turns out to have been wrong." The WSSA holds underwriters strictly liable for material untrue or misleading statements in the prospectus supplements, regardless of the ultimate source of those statements, provided they are reasonably relied upon by the investor.[1] Moreover, in these cases, plaintiff alleges that defendants were not merely

---

[1] *Stewart v. Estate of Steiner*, 122 Wn. App 258, 265 fn. 9, 93 P.3d 919 (2004)

ORDER ON DEFENDANTS' MOTIONS TO
DISMISS - Page 3

quoting verbatim the written statements of a third party. Rather, plaintiff alleges that defendants used information that they obtained from third parties (appraisers, borrowers, and credit rating agencies) to draft the core of the prospectus supplements, that is, the description of the collateral from which the certificates that Seattle Bank purchased were to be paid. Some defendants may be able to establish that they could not have discovered that these statements were untrue or misleading even if they had conducted proper due diligence, but that cannot be a basis for dismissal of these allegations as a matter of law.

It is reasonable for Plaintiff to rely upon the statements of appraisals, resulting lone to value ratios, underwriting standards, and ratings. Those assertions are all based upon professional and ethical business standards. However, Plaintiff was aware that occupancy assertions were based solely on the say-so of the borrower – an individual with a pecuniary motive to obtain a loan, with little, if any risk in being deceptive when misstating the occupancy status to obtain a favorable rate and terms. As a matter of law, it was not reasonable for Plaintiff, the sophisticated investor that it was, to rely upon statements about occupancy.

Defendants' motions to dismiss the allegations based upon appraisals, loan to value ratios, underwriting standards, and ratings are DENIED. Defendants' motion to dismiss based upon occupancy allegations is GRANTED.[2]

### 3. Lone Star

Defendants argue that, under the Fifth Circuit's recent decision in *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383 (5th Cir. 2010), none of the statements in the prospectus supplements about the mortgage loans is actionable because the statements were "qualified" by "cure, repurchase, or substitute" provisions. In other words, defendants argue that, because they acknowledged in the prospectus supplements the possibility that

---

[2] The fact that the allegation relating to occupancy standards is stricken is not determinative as to whether evidence of such is relevant (or not) to some other issue, such as underwriting standards.

some of the mortgage loans would turn out not to be as described, none of the statements they made about the mortgage loans was "absolute," and, therefore, none of the statements can ever be "false." Even if the Fifth Circuit reached the right result in *Lone Star*[3], its holding does not apply to these actions. The "cure, repurchase, or substitute" provisions that defendants refer to are a remedy for a breach of specific representations and warranties that defendants made in a contract to which Seattle Bank is not a party that is separate from the prospectus supplement. Those representations and warranties are what the Fifth Circuit was referring to when it stated that the "cure, repurchase, or substitute" provision "changed the nature of the representation." The plaintiff in *Lone Star* filed a lawsuit based on one of those representations and warranties. The plaintiff here did not. Seattle Bank is suing based on entirely different sections of an entirely different document, that is, prospectus supplements that describe the nature of the collateral in each securitization. This is consistent with authority in our own jurisdiction. *Boilermakers National Annuity Trust Fund v. WaMu Mortgage Pass Through Certificates*, 748 F.Supp.2d 1246 (W.D. WA 2010)

Defendants' motions to dismiss based on *Lone Star* are DENIED.

### 4. Disclaimers

Defendants argue that inaccuracies in the reported characteristics of the loans in each trust cannot render the prospectus supplements false, because those documents themselves "affirmatively disclose" that they might include materially incorrect loan information. Seattle Bank argues that statements of historical fact may never be disclaimed, and that even if such statements could be disclaimed, the disclaimers in the prospectus supplements were not specific enough to warn investors of the actual risks that Seattle Bank is alleging in these actions. Many courts have held that the question whether cautionary language and disclaimers are sufficient to shield a defendant from liability is a question of

---

[3] See *City of Ann Arbor Employees' Retirement System v Citgroup Mortgage Loan Trust Inc*, 2010 WL 6617866 (E.D.N.Y. 12/23/2010) pointing out that the 2nd circuit has never accepted the *Lone Star* approach, being "at odds with the anti-waiver provision of the securities laws".

ORDER ON DEFENDANTS' MOTIONS TO
DISMISS - Page 5

fact that cannot be resolved on a motion to dismiss. *See, e.g., Fecht v. Price Co.*, 70 F.3d 1078, 1081 (9th Cir. 1995) ("whether a public statement is misleading, or whether adverse facts were adequately disclosed is a mixed question to be decided by the trier of fact"); *Boilermakers Nat'l Annuity Trust Fund v. WaMu Mortgage Pass Through Certificates, Series AR1*, No. C09-00037, 2010 WL 3815796 (W.D. Wash. Sept. 28, 2010) (declining to analyze sufficiency of risk disclosures at pleading stage).

The Court holds that with the exception of occupancy status, of which Plaintiff was specifically warned was based solely on the borrower's representation, discussed above, it would be premature to decide on a motion to dismiss whether the specific disclaimers that defendants refer to were sufficient to shield them from liability under the WSSA.

**IT IS SO ORDERED.**

Dated _____June 23_____, 2011

_____
Judge Laura Inveen

ORDER ON DEFENDANTS' MOTIONS TO
DISMISS - Page 6