# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Civil Action No. 3:11-30127-MAP |
| IMPAC FUNDING CORPORATION; IMPAC SECURED ASSETS CORP.; J.P. MORGAN SECURITIES LLC; RICHARD J. JOHNSON; and JOSEPH R. TOMKINSON, | ) ) ) ) ) | |
| Defendants. | ) ) ) | |

## MASSMUTUAL'S REPLY IN SUPPORT OF
## ITS MOTION TO STRIKE CERTAIN PURPORTED DEFENSES

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...................................................................................1

ARGUMENT ...........................................................................................................2

I.   DEFENDANT MISSTATES THE LEGAL STANDARD GOVERNING THIS
     MOTION...........................................................................................................2

II.  THE EIGHT LEGALLY INVALID DEFENSES IDENTIFIED IN THE
     MOTION SHOULD BE STRICKEN.................................................................3

    A.   Defendant's Arguments Demonstrate the Invalidity of Its "No Duty"
        Defense ...................................................................................................3

    B.   Defendant's Opposition Confirms That the "Should Have Known," Had
        "Constructive Knowledge," and "Assumed the Risk" Defenses Should Be
        Stricken ...................................................................................................6

    C.   Defendant Fails to Justify Its Invalid Reliance Defense ...........................................7

    D.   Defendant's Seventeenth Defense Based on Proportionate Fault Is Distinct
        from Statutory Contribution Rights and Is Contrary to the Plain Language
        of Section 410 .........................................................................................8

    E.   Defendant Fails to Justify Its General Loss Causation Defense ...........................10

    F.   "Failure to Mitigate" Is Not a Viable Defense to a Section 410 Claim.................11

    G.   Defendant Fails to Justify Its Assertion of Equitable Defenses to
        MassMutual's Statutory Claims...........................................................................12

CONCLUSION.......................................................................................................15

## <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

<u>Cases</u>

*In re Access Cardiosystems, Inc.*,
  438 B.R. 16 (Bankr. D. Mass. 2010) ...........................................................14, 15

*Coach, Inc. v. Kmart Corps.*,
  756 F. Supp. 2d 421 (S.D.N.Y. 2010)...................................................................3

*DGM Invs., Inc. v. N.Y. Futures Exch., Inc.*,
  No. 01 Civ. 11602, 2004 WL 635743 (S.D.N.Y. Mar. 31, 2004) ..........................2

*Dann v. Lincoln Nat'l Corp.*,
  274 F.R.D. 139 (E.D. Pa. 2011)...........................................................................13

*Dennison v. LaPointe*,
  No. 06-40100-FDS, 2006 WL 3827516 (D. Mass. Dec. 21, 2006).........................2

*Frota v. Prudential-Bache Sec., Inc.*,
  No. 85 Civ. 9698, 1987 WL 4925 (S.D.N.Y. 1987) ............................................15

*Gannett Co., Inc. v. Register Publ'g Co.*,
  428 F. Supp. 818 (D. Conn. 1977)........................................................................15

*Go2net, Inc. v. Freeyellow.com, Inc.*,
  143 P.3d 590 (Wash. 2006)...................................................................................14

*Hayes v. McGee*,
  No. 10-40095-FDS, 2011 WL 39341 (D. Mass. Jan. 6, 2011) ...............................2

*Jones v. Miles*,
  656 F.2d 103 (5th Cir. 1981) ................................................................................14

*MBank Fort Worth, N.A. v. Trans Meridian, Inc.*,
  820 F.2d 716 (5th Cir. 1987) ................................................................................14

*Marram v. Kobrick Offshore Fund*,
  442 Mass. 43, 809 N.E.2d 1017 (2004) ........................................................ passim

*In re Olympia Brewing Co. Sec. Litig.*,
  No. 77 C 1206, 1985 WL 3928 (N.D. Ill. Nov. 13, 1985)...............................4, 11

*Operating Eng'rs Local 139 Health Benefit Fund v. Lake States Indus. Servs., Inc.*,
  No. 05-C-0020, 2005 WL 1563332 (E.D. Wis. June 30, 2005) ...........................13

*Palmer v. Oakland Farms, Inc.*,
  No. 5:10cv00029, 2010 WL 2605179 (W.D. Va. June 24, 2010) .........................13

*Patsos v. First Albany Corp.*,
  433 Mass. 323, 741 N.E.2d 841 (2001) .................................................................5

*Reis Robotics USA, Inc. v. Concept Indus., Inc.*,
  462 F. Supp. 2d 897 (N.D. Ill. 2006) ...................................................................13

*SEC v. Ross*,
  504 F.3d 1130 (9th Cir. 2007) (Section 12(a)(1) ..................................................15

*United States v. 729,773 Acres of Land, More or Less*,
  531 F. Supp. 967 (D. Haw. 1982) ..........................................................................3

*United States v. Atl. Research Corp.*,
  551 U.S. 128 (2007)................................................................................................9

*United States v. Manhattan-Westchester Med. Servs., P.C.*,
  No. 06 Civ. 7905 (WHP), 2008 WL 241079 (S.D.N.Y. Jan. 28, 2008) ...................3

## Statutes

15 U.S.C. § 78u-4(f) ....................................................................................................9

Mass. Gen. Laws ch. 110A, § 410(a)...............................................................5, 6, 8, 11

Mass. Gen. Laws ch. 110A, § 410(c)..............................................................................11

## Miscellaneous

5C Charles Alan Wright & Arthur R. Miller,
  *Fed. Prac. & Proc.* § 1381 (3d ed. 2012) ..............................................................2

1 Roger J. Magnuson,
  *Shareholder Litigation* § 5:9: Section 12(2) .........................................................14

Pursuant to the stipulation submitted on April 13, 2012, Plaintiff Massachusetts Mutual

Life Insurance Company ("MassMutual" or "Plaintiff") respectfully submits this reply

memorandum in support of its motion to strike certain purported defenses asserted by Defendant

J.P. Morgan Securities LLC ("Defendant") in its Amended Answer.

## PRELIMINARY STATEMENT

To avoid insertion of a variety of nonissues in this otherwise straightforward case,

MassMutual has moved to strike from Defendant's Amended Answer several legally invalid

defenses that have no conceivable application to MassMutual's claims under the Massachusetts

Uniform Securities Act.  Because Defendant cannot show that any of the challenged defenses are

valid, it resorts to arguments justifying other defenses it has asserted (which MassMutual has not

moved to strike), and all but ignores the challenged defenses that are the subject of this motion.

For example, instead of attempting to justify its challenged "no duty to disclose" defense,

Defendant's argument addresses a different defense that the allegedly omitted information did

not render any statement misleading.  Instead of addressing its challenged lack of reasonable or

justifiable reliance defense, Defendant's argument addresses a different defense that the

Certificates were not sold by means of false or misleading statements.  Instead of addressing its

challenged constructive knowledge defense, Defendant's argument addresses a different "willful

blindness" defense that is not to be found in its Amended Answer.  And instead of addressing its

challenged proportionate fault defense, Defendant's argument addresses a different contribution

defense, which is also asserted elsewhere.

No amount of pretending that MassMutual's motion is directed to defenses that it does

not address can save the legally invalid defenses in the Amended Answer.  When defenses are

legally invalid, a motion to strike serves the useful purpose of eliminating such insufficient

defenses to preserve the parties' and the Court's resources, to focus the issues, to discourage

1

irrelevant frolics and detours in discovery, and to hasten resolution of the case.  MassMutual's

motion to strike should be granted in its entirety.

## ARGUMENT

## I.    DEFENDANT MISSTATES THE LEGAL STANDARD GOVERNING THIS MOTION

As set forth in MassMutual's moving papers, Federal Rule 12(f) permits motions to strike

purported defenses that are legally invalid and have no conceivable application to MassMutual's

claims.  *See, e.g.*, 5C Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc.* § 1381 (3d

ed. 2012) (any defense that "would not, under the facts alleged, constitute a valid defense to the

action" is "particularly vulnerable to a Rule 12(f) motion," and "can and should be deleted").

Notwithstanding Defendant's protests to the contrary, MassMutual's motion does not involve

"substantial issues of law," "close or new questions of law," or factual disputes.  Opp. at 3.

Rather, the motion is directed exclusively to purported defenses included in the Amended

Answer that have no conceivable application to this case.  With respect to plainly inapplicable

defenses, motions to strike are *not* disfavored and, in fact, they "serve a useful purpose by

eliminating insufficient defenses and saving the time and expense which would otherwise be

spent in litigating issues that would not affect the outcome of the case."  *DGM Invs., Inc. v. N.Y.

Futures Exch., Inc.*, No. 01 Civ. 11602, 2004 WL 635743, at *1 (S.D.N.Y. Mar. 31, 2004)

(internal quotations omitted); *see also* Motion at 2-3 (citing additional cases).

In arguing that motions to strike are disfavored, Defendant relies on case law addressing

motions to strike allegations in a complaint or defenses the success of which may depend on

discovery.  *See*, *e.g.*, *Hayes v. McGee*, No. 10-40095-FDS, 2011 WL 39341, at *1 (D. Mass. Jan.

6, 2011) (motion to strike complaint); *Dennison v. LaPointe*, No. 06-40100-FDS, 2006 WL

3827516, at *2 (D. Mass. Dec. 21, 2006) (same); Opp. at 3-4 (cases involving defenses

dependent on discovery). These cases have no applicability to this motion, which seeks to strike legally invalid defenses that no amount of discovery can rescue. Defendant also maintains that even legally meritless defenses should not be stricken unless MassMutual can make a separate showing of prejudice. This argument misstates the legal standard. Allowing Defendant to maintain purported defenses that are invalid as a matter of law is, by definition, prejudicial. *See, e.g.*, *Coach, Inc. v. Kmart Corps.*, 756 F. Supp. 2d 421, 426 (S.D.N.Y. 2010) ("[I]nclusion of a defense that must fail as a matter of law prejudices the plaintiff because it will needlessly increase the duration and expense of litigation."); *United States v. Manhattan-Westchester Med. Servs., P.C.*, No. 06 Civ. 7905 (WHP), 2008 WL 241079, at *3 (S.D.N.Y. Jan. 28, 2008) ("Where a defense must fail as a matter of law, its inclusion prejudices the plaintiff because it will increase the duration and expense of trial."); *United States v. 729,773 Acres of Land, More or Less*, 531 F. Supp. 967, 971 (D. Haw. 1982) ("Although [a motion to strike] is not normally granted unless prejudice would result to the movant from the denial of the motion, *it is appropriately granted where the defense is clearly legally insufficient . . .*") (emphasis added).

Defendant's persistent efforts to recast the legal standard notwithstanding, there is no legitimate dispute that defenses with no conceivable legal merit threaten to confuse the issues and should be stricken.

## II.    THE EIGHT LEGALLY INVALID DEFENSES IDENTIFIED IN THE MOTION SHOULD BE STRICKEN

### A.    Defendant's Arguments Demonstrate the Invalidity of Its "No Duty" Defense

MassMutual has moved to strike Defendant's sixth purported defense that it owed no duty to MassMutual, including no duty to disclose information and no duty to verify information in the offering materials, because a "no duty" defense is foreclosed by Section 410. *See* Motion at 4-5. Defendant does not, and cannot, dispute that "no duty to verify information" is

inapplicable to this statute imposing liability for material misrepresentations. *See* Opp. at 5-7 (failing to address defense). Section 410(a)(2) creates a statutory "duty" that a defendant exercise reasonable care in reviewing information to avoid liability, and the "no duty to verify information" defense, which is contrary to the statute and confuses the issues, should be stricken. *See* Motion at 5.

Not taking any of these points head on, Defendant focuses exclusively on the statutory language regarding omissions, arguing that "the statute requires a duty to disclose before liability for an alleged omission can attach." *See* Opp. at 5. Defendant is wrong; there is nothing in the statute or relevant case law requiring a plaintiff to plead or prove a duty to disclose. Instead, as Defendant admits, Section 410 merely requires a plaintiff to plead and prove "'any untrue statement of a material fact or any omission to state a material fact *necessary in order to make the statements made . . . not misleading*.'" *Id.* (emphasis in original). This language does not give rise to a "no duty" defense, as Defendant maintains, but rather to a defense that the allegedly omitted information did not render any statement misleading. Defendant has asserted this defense in various forms, and MassMutual has not moved to strike it. *See, e.g.*, Amended Answer at 20-21 (Fourth Defense, Fifth Defense). Although Defendant is free to argue that omitted facts were not material or that they were not necessary to make the statements made not misleading, as it does in these other defenses, it is not free to advance a separate "no duty" defense that is unsupported by the statute or case law.[1]

Defendant also argues that because Section 410 imposes liability for omissions that render a statement misleading (and not for pure omissions), a duty to disclose is somehow

---

[1] Under Defendant's own authority, any defense challenging an element of a claim is separately subject to a motion to strike because the defense should be raised in the denial and not as a separate defense. *See In re Olympia Brewing Co. Sec. Litig.*, No. 77 C 1206, 1985 WL 3928, at *2 (N.D. Ill. Nov. 13, 1985); Opp. at 7.

implicated. *See* Opp. at 5-7. But this argument proves MassMutual's point: because the statute does not create liability for pure omissions, only for omissions that render a corresponding statement misleading, there is no "duty to disclose" at issue under the statute. *See* Motion at 4-5; Opp. at 5 (citing cases making clear that a duty to disclose is implicated only when, unlike here, a plaintiff seeks to hold a defendant liable for silence). The statute merely requires MassMutual to show that an omission rendered a statement made in the offering materials misleading. *See* Mass. Gen. Laws ch. 110A, § 410(a)(2). MassMutual need not show in addition that a Defendant owed a "duty" of disclosure, and argument about the absence of such a "duty" is not a defense. The statute itself makes irrelevant any "no duty" defense with respect to the omissions it describes, and Defendant cannot insert the defense into this case to confuse the issues or expand discovery.

Finally, Defendant asserts that MassMutual would not be prejudiced by allowing it to pursue the "no duty" defense. Opp. at 6. To the contrary, not only is the defense likely to confuse the issue of what is required under the statute (the Opposition itself is evidence of that), but it also threatens to expand discovery. Whether a duty of disclosure existed between Defendant and MassMutual could give rise to a fact-intensive inquiry involving, for example, discovery into all aspects of the relationship between Defendant and MassMutual over a period of time prior to MassMutual's purchases of the Certificates. *See, e.g.*, *Patsos v. First Albany Corp.*, 433 Mass. 323, 332-37, 741 N.E.2d 841, 849-52 (2001) (discussing the factual inquiry a court must undergo to determine if a duty to disclose exists, including examining the relationship between the parties, along with their relative knowledge and expertise). The "no duty" defense should be stricken, and Defendant should be left with the omissions-related defenses set forth in the statute.

**B.     Defendant's Opposition Confirms That the "Should Have Known," Had "Constructive Knowledge," and "Assumed the Risk" Defenses Should Be Stricken**

MassMutual has moved to strike the constructive knowledge ("should have known") and assumption of risk defenses raised in Defendant's eighth and fourteenth defenses because the law is clear that these are not viable defenses to a Section 410 claim. *See* Motion at 5-6. Defendant does not, and cannot, dispute that these defenses are legally invalid, *see* Opp. at 14-15, and this concession by lack of argument alone justifies striking the defenses. *See supra* Section I.

Instead, Defendant argues in favor of another defense, a "willful blindness" defense, that is not found in its Amended Answer. Defendant argues that the challenged defenses cannot be stricken "[i]nsofar as striking [them] would immunize Plaintiff from the defense that it was willfully blind to the alleged misstatements or omissions." *See id.* at 14. Defendant's arguments in support of a separate defense that it has not asserted are irrelevant.

First, Defendant does not explain how willful blindness, which Defendant argues is one definition of actual knowledge used in the criminal context, is the same as constructive knowledge and assumption of risk presented in its challenged defenses. *See id.* at 14-15. Second, Defendant provides no justification for importing the willful blindness doctrine from the criminal context and applying it to a securities fraud case seeking recovery under the Massachusetts Securities Act. Defendant's cases, which apply the doctrine to culpable defendants, *see id.*, do not support applying the doctrine to a statute that, by its plain terms, specifies that only actual knowledge is a defense. *See* Mass. Gen. Laws ch. 110A, § 410(a)(2). There is particularly no reason to alter the statutory requirements given that the statute "was intended to reverse the age-old concept of caveat emptor and replace it with the concept of . . . seller beware." *Marram v. Kobrick Offshore Fund*, 442 Mass. 43, 51, 809 N.E.2d 1017, 1026 (2004).

Also, Defendant again argues that these defenses cannot be stricken because MassMutual has not made a separate showing of prejudice (beyond legal invalidity, which is conceded) with respect to the constructive knowledge and assumption of risk defenses.  Opp. at 15.  Again, a separate showing of prejudice is not required to strike legally invalid defenses.  *See supra* Section I.  In any event, allowing these defenses would risk opening discovery into additional irrelevant areas, including the reasonableness of MassMutual's investigation prior to its purchase of the Certificates, its investment history, what MassMutual "should have known" from numerous investments not at issue in this case (likely requiring expert testimony), the "risks" it assumed, and the like.  The defenses should be stricken.

## C.      Defendant Fails to Justify Its Invalid Reliance Defense

MassMutual has moved to strike the portion of Defendant's twelfth defense asserting that MassMutual did not reasonably or justifiably rely on any alleged misrepresentations because the law is clear that reliance is irrelevant to a claim under Section 410.  *See* Motion at 6-7. Defendant does not address MassMutual's argument, and does not address the validity of a reliance defense at all.  Instead, Defendant argues that the portion of the defense MassMutual has *not* moved to strike (which asserts that the Certificates MassMutual purchased were not sold "by means of" the misrepresentations) is valid.  *See* Opp. at 12-14.  Obviously, Defendant cannot maintain a legally invalid defense by combining it with a valid one.  Courts have analyzed the very "by means of" language Defendant cites and have held that it does not impose any reliance element or support a reliance defense.  *See Marram*, 442 Mass. at 51-52, 809 N.E.2d at 1026.

Even though a reasonable and justifiable reliance defense is plainly invalid, Defendant insists that it should remain in the case because it purportedly is non-prejudicial; Defendant maintains that any discovery related to the defense will "substantially overlap with discovery relevant to other defenses that MassMutual does not seek to strike."  Opp. at 13-14.  Defendant is

wrong on both counts.  First, a legally invalid defense is, by definition, prejudicial.  *See supra*

Section I.  Second, perpetuating an invalid reliance defense threatens to waste time and resources

on unique factual issues regarding what specific statements in the offering materials MassMutual

may have reviewed or relied on[2] and on unique expert issues regarding whether MassMutual's

reliance was reasonable or justifiable.  The invalid reliance defense should also be stricken.

### D.    Defendant's Seventeenth Defense Based on Proportionate Fault Is Distinct from Statutory Contribution Rights and Is Contrary to the Plain Language of Section 410

MassMutual has moved to strike Defendant's seventeenth purported defense based on

proportionate fault because the defense improperly seeks to reduce MassMutual's statutorily

prescribed recovery based on arguments that the harm is allegedly attributable to the actions of

others.  *See* Motion at 7.  The attempt to reduce MassMutual's recovery based on arguments

about the fault of others is contrary to the provisions of Section 410, which makes every proper

defendant liable for the full extent of rescission or damages.  *See id.*; Mass. Gen. Laws ch. 110A,

§§ 410(a)(2), 410(b).

Defendant first largely ignores the motion, asserting that MassMutual is relying on "the

absence of any statutory language" setting forth a proportionate fault defense as the sole reason

such a defense is foreclosed.  Opp. at 18-19 (emphasis omitted).  As MassMutual has shown,

however, a defense that damages should be reduced based on proportionate fault is foreclosed by

the language of the statute awarding a plaintiff the full amount of rescission or damages and

making every seller and statutory control person jointly and severally liable for the full amount.

Mass. Gen. Laws ch. 110A, §§ 410(a)(2), 410(b).  For a proportionate fault defense to be

---

[2]  Defendant is wrong that MassMutual's reliance is relevant to materiality.  *See* Opp. at 13-14.  The test for materiality is an objective one, and whether MassMutual read and relied on a particular statement says nothing about whether a reasonable investor would have found the statement to be material.

available, the Court would have to modify the terms of the statute so that it awards less than the full amount of rescission or damages depending on the proportionate fault of the defendant, which it cannot do.

Defendant also argues that the proportionate fault defense is viable because a defendant is entitled to seek contribution under Section 410.  Opp. at 19-20.  But proportionate fault, which seeks to reduce statutory damages payable to MassMutual, is a separate and distinct defense from contribution, which permits partial recoupment from others after full statutory damages have been paid to MassMutual.  *Compare* 15 U.S.C. § 78u-4(f)(2)(B)(i) (proportionate fault defense to federal 1934 Act claims, which reduces a plaintiff's recovery to correspond to the "percentage of responsibility" of the defendant), *with United States v. Atl. Research Corp.*, 551 U.S. 128, 138 (2007) (defining contribution as a "tortfeasor's right to collect from others responsible for the same tort *after the tortfeasor has paid more than his or her proportionate share*") (internal quotations omitted; emphasis added).  The motion obviously does not seek to foreclose any contribution rights Defendant may have after MassMutual is paid statutory damages.  Indeed, MassMutual has not moved to strike Defendant's twenty-fifth defense asserting contribution and indemnification rights.  *See* Amended Answer at 25 (Twenty-Fifth Defense).  But any right to contribution does not justify the proportionate fault defense, which would prevent MassMutual from obtaining its full statutory recovery.

Finally, Defendant argues that the proportionate fault defense should not be stricken because MassMutual has made no separate showing of prejudice related to the continued assertion of the defense.  Opp. at 20.  Again, the invalidity of the defense alone is reason to strike it.  *See supra* Section I.  In addition, the defense would prejudice MassMutual by:  (i) threatening to reduce the statutory recovery to which MassMutual is entitled; (ii) casting a cloud over

9

otherwise plain entitlement to full statutory damages that will impede settlement discussions; and (iii) threatening to expand fact and expert discovery into the relative fault of a number of parties and non-parties that is otherwise not an issue in this case.

### E. Defendant Fails to Justify Its General Loss Causation Defense

MassMutual has moved to strike Defendant's nineteenth defense because it is an improper loss causation defense that is plainly not available under Section 410. *See* Motion at 7-8; *Marram*, 442 Mass. at 50-51, 809 N.E.2d at 1025. Instead of attempting to justify the defense, which it cannot do, Defendant attempts to justify another, different defense asserted by other defendants in the related cases—that the poor performance of the underlying loans alleged in the Complaint is not evidence of underwriting failures, but resulted from other factors. *See* Opp. at 9-12. The law is clear, under the Supreme Judicial Court's decision in *Marram*, that Defendants' pleaded defense arguing that MassMutual's losses were caused by other factors does not exist. *See* Motion at 8; *Marram*, 442 Mass. at 50-51, 809 N.E.2d at 1025.

Defendant strains to reinterpret *Marram*, arguing that its holding that Section 410 "'render[s] tainted transactions voidable at the option of the defrauded purchaser,' *regardless of the actual cause of the investor's loss*," *Marram*, 442 Mass. at 51, 809 N.E.2d at 1025 (emphasis added), actually means something other than what it says. *See* Opp. at 11 (arguing that *Marram* did not foreclose loss causation as a defense—just as an element of the claim). Any fair reading of *Marram* does not support Defendant's interpretation. When the Supreme Judicial Court held that a purchaser is entitled to rescind, regardless of the cause of its loss, it meant what it said—that loss causation is irrelevant.

Because Defendant's loss causation defense is legally invalid and threatens to expand discovery and trial with forays into a variety of macroeconomic, microeconomic, market, and

other factors that the Supreme Judicial Court in *Marram* confirmed are irrelevant, the defense should be stricken.

### F.     "Failure to Mitigate" Is Not a Viable Defense to a Section 410 Claim

MassMutual has moved to strike Defendant's twentieth defense for "failure to mitigate" because it improperly attempts to rewrite the express recovery calculations set forth in Section 410 and to reduce (without any authority) the recoveries permitted by statute.  *See* Motion at 8-9. Defendant argues that because no Massachusetts Securities Act case addresses failure to mitigate, that somehow creates the defense.  *See* Opp. at 7, 9.  But the statutory language itself makes clear that the defense is invalid.  The statute sets forth the express recovery calculations— for rescission (for securities still held) and damages (for securities previously sold).  Mass. Gen. Laws. ch. 110A, § 410(a)(2).  A "failure to mitigate" defense would improperly reduce these statutory calculations by seeking to subtract an additional non-statutory component—the amount a plaintiff would have received had it complied with some undefined duty to mitigate.  Further, the statute gives a plaintiff the express right to tender at any time before entry of judgment, *id.* § 410(c); imposing a duty to mitigate, or sell, would be contrary to this statutory right.

As its sole authority for imposing a "duty to mitigate" that conflicts with the statute, Defendant maintains the defense was allowed in one unpublished case that it represents was brought under Section 12 of the Securities Act of 1933.  Opp. at 7-8.  Not only does Defendant misrepresent this case, but the case is irrelevant to MassMutual's claims under Section 410 of the Massachusetts Securities Act.  In *In re Olympia Brewing Co. Securities Litigation*, the case Defendant cites, the court addressed a motion to strike affirmative defenses in a case involving a number of claims, including claims under the Securities Act of 1933, the Securities Exchange Act of 1934, and the common law.  *See* No. 77 C 1206, 1985 WL 3928, at *1, *10 (N.D. Ill. Nov. 13, 1985).  The court did not uphold a failure to mitigate defense because it was relevant to

Section 12, as Defendant asserts, but because it was potentially relevant to securities fraud claims that measure damages based on diminution in value.  *See id.* at \*8, \*11.  As the court held, a plaintiff asserting such claims is not entitled to recover for further diminution in value after it learns of the fraud, making a failure to mitigate defense (and an equitable estoppel defense) potentially relevant.  *See id.*  The court's analysis is not relevant to Section 410, which does not measure recovery based on diminution of value and sets forth clear statutory recovery calculations that cannot be modified by judicial amendment or party agreement.

Finally, Defendant contends that there is no prejudice to allowing the "failure to mitigate" defense because permitting this invalid defense to persist will not unnecessarily expand discovery beyond the discovery needed for statute of limitations.  Opp. at 8-9.  To the contrary, allowing a legally invalid defense regarding when MassMutual "should have sold" will expand discovery and would intrinsically prejudice MassMutual by confusing the issue of what recovery is allowed under the statute.  In addition, a "failure to mitigate" defense threatens to complicate the case by supplanting the simple recovery calculations set forth in the statute with additional speculative calculations that may require significant expert discovery.  Defendant's "failure to mitigate" defense, which essentially seeks to rewrite the damages calculations of Section 410, should be stricken.

### G.  Defendant Fails to Justify Its Assertion of Equitable Defenses to MassMutual's Statutory Claims

MassMutual has moved to strike Defendant's twenty-third defense asserting "laches, equitable estoppel, waiver or other related equitable doctrines" because Defendant's boilerplate equitable defenses are not valid defenses to a Section 410 claim.  *See* Motion at 9-10.  The Opposition does not dispute—and in fact acknowledges—that these inapplicable defenses, if left standing, may expand discovery and unnecessarily complicate the case.  Opp. at 17-18.  Yet

Defendant argues that the defenses cannot be stricken because they are viable. *See* Opp. at 15-18. Defendant is wrong.

As an initial matter, the bare bones equitable defenses should be stricken because they fail to provide MassMutual with "fair notice of the defense," which Defendant concedes is necessary. *See* Opp. at 18. Merely reciting the names of three equitable doctrines and a catch-all category of "other related equitable doctrines" does not give MassMutual fair notice of the defenses. *See, e.g.*, *Dann v. Lincoln Nat'l Corp.*, 274 F.R.D. 139, 146 (E.D. Pa. 2011) (striking defenses of "laches, waiver and/or estoppel" because they "failed to provide [plaintiff] with fair notice"); *Reis Robotics USA, Inc. v. Concept Indus., Inc.*, 462 F. Supp. 2d 897, 907 (N.D. Ill. 2006) (granting motion to strike because "[m]erely stringing together a long list of legal defenses is insufficient to satisfy Rule 8(a)"); *see also Palmer v. Oakland Farms, Inc.*, No. 5:10cv00029, 2010 WL 2605179, at *6 (W.D. Va. June 24, 2010) (striking "estoppel and laches" defense because "the word *estoppel* without more [is] not a sufficient statement of a defense") (internal quotations omitted); *Operating Eng'rs Local 139 Health Benefit Fund v. Lake States Indus. Servs., Inc.*, No. 05-C-0020, 2005 WL 1563332, at *4 (E.D. Wis. June 30, 2005) (same).[3] These courts have recognized that broad and undefined defenses that could be interpreted in any number of ways and used to seek all manner of irrelevant discovery should be stricken.

Second, and more importantly, even a more specific version of these defenses would fail because equitable defenses are not viable defenses to a statutory Section 410 claim. In its moving papers, MassMutual cited authority making clear that waiver, estoppel, and other equitable defenses are not defenses to claims under state securities statutes, including Section

---

[3] Defendant offers no legal support for its conclusory assertion that *Operating Engineers* misstates the pleading standard for affirmative defenses and is contrary to the law of this jurisdiction. *See* Opp. at 18 n.10.

410.  *See* Motion at 9; *Marram*, 809 N.E.2d at 1025-26.  Defendant miscasts this authority,

claiming its rejection of equitable defenses is limited to rejection of "agreements made prior to a

sale of securities that purport to waive compliance," and does not apply to equitable defenses

based on subsequent conduct.  *See* Opp. at 17.  Contrary to Defendant's view, the cases and

statutes hold that waiver, estoppel, and laches are not viable defenses to claims under state

securities statutes or Section 12(a)(2) of the 1933 Securities Act, even if based on conduct that

occurred after the purchase of securities.  *See Jones v. Miles*, 656 F.2d 103, 106-07 & n.7 (5th

Cir. 1981) (cited in *Marram*) (waiver by estoppel based on subsequent conduct of a securities

purchaser was not a viable defense to Georgia securities claim); *Go2net, Inc. v. Freeyellow.com,

Inc.*, 143 P.3d 590, 593 (Wash. 2006) ("[P]ermitting a seller to assert equitable defenses is

contrary to the [Washington Securities Act's] primary purpose of protecting investors. . . . [A]

seller should not be permitted to avoid statutory liability by shifting the focus to the postsale

conduct of the uninformed investor."); *MBank Fort Worth, N.A. v. Trans Meridian, Inc.*, 820

F.2d 716, 725 (5th Cir. 1987) ("Waiver by subsequent conduct that does not take the form of a

settlement, is against the policy of the securities laws.").  *See generally* 1 Roger J. Magnuson,

*Shareholder Litigation* § 5:9: Section 12(2) – Defenses (May 2012) ("No cases have recognized

the equitable defenses of waiver, estoppel, or laches.").

     The cases Defendant cites do not support its assertion of equitable defenses.  *See* Opp. at

15-17.  Defendant's banner case—*In re Access Cardiosystems, Inc.*, 438 B.R. 16 (Bankr. D.

Mass. 2010)—did not "appl[y] equitable defenses to MUSA claims," as Defendant represents.

*See* Opp. at 15.  Instead, the court merely noted in *dicta* a variety of factors that could make an

award of rescission under Section 410 difficult in that case, ultimately holding that an award of

damages—not rescission—was proper because the plaintiff no longer owned the securities.

*Access Cardiosystems*, 438 B.R. at 22-23.  Defendant's remaining cases are similarly off point.

*See, e.g.*, *Frota v. Prudential-Bache Sec., Inc.*, No. 85 Civ. 9698, 1987 WL 4925, at *3

(S.D.N.Y. 1987) (Section 10(b) case merely reciting the defendants' argument that waiver and

estoppel could be used as a defense to securities fraud claims); *SEC v. Ross*, 504 F.3d 1130, 1145

n.15 (9th Cir. 2007) (Section 12(a)(1) claim where laches defense was not before the court; court

noted in *dicta* that an intervenor "might have" attempted a laches defense if a claim were filed);

*Gannett Co., Inc. v. Register Publ'g Co.*, 428 F. Supp. 818, 827-30 (D. Conn. 1977) (applying

the rule under Section 10(b) "that rescission must be demanded promptly after discovery of the

fraud" to a Connecticut statute, but not addressing well-settled Massachusetts law that a

purchaser has the option of rescinding at any time before the entry of judgment).

Defendant's equitable defenses, no matter how framed, are not valid defenses to claims

under Section 410.  Defendant's effort to graft such defenses onto the statute and destroy its

"consumer-oriented focus," *Marram*, 442 Mass. at 54, 809 N.E.2d at 1027, should not be

permitted, and the defenses should be stricken.

## <u>CONCLUSION</u>

For the reasons set forth above and in its moving papers, MassMutual respectfully

requests that the Court grant its motion to strike the following purported defenses from

Defendant's Amended Answer:  Sixth Defense; Eighth Defense (to the extent it asserts

MassMutual "should have known" of the misstatements or omissions); Twelfth Defense (to the

extent it asserts MassMutual did not "reasonably or justifiably rely" on the misstatements or

omissions); Fourteenth Defense (to the extent it asserts MassMutual "assumed the risks" or had

"constructive knowledge"); Seventeenth Defense; Nineteenth Defense; Twentieth Defense; and

Twenty-Third Defense.

DATED:  June 20, 2012          EGAN, FLANAGAN AND COHEN, P.C.

By: _____/S/ Edward J. McDonough Jr._____
Edward J. McDonough Jr. (BBO 331590)
Stephen E. Spelman (BBO 632089)
Egan, Flanagan and Cohen, P.C.
67 Market Street, P.O. Box 9035
Springfield, Massachusetts  01102
Telephone:  (413) 737-0260
Fax:  (413) 737-0121
ejm@efclaw.com;
ses@efclaw.com

MASSACHUSETTS MUTUAL LIFE
INSURANCE COMPANY

Mark Roellig (BBO 669117)
Executive Vice President and General Counsel
Bernadette Harrigan (BBO 635103)
Assistant Vice President & Counsel
Eleanor P. Williams (BBO 667201)
Assistant Vice President & Counsel
Massachusetts Mutual Life Insurance Company
1295 State Street
Springfield, Massachusetts  01111
Telephone:  (413) 788-8411
Fax:  (413) 226-4268
bharrigan@massmutual.com;
ewilliams@massmutual.com

Of counsel:

QUINN EMANUEL URQUHART & SULLIVAN, LLP

Philippe Z. Selendy (admitted *pro hac*)
Jennifer J. Barrett (admitted *pro hac*)
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Fax (212) 849-7100

A. William Urquhart (admitted *pro hac*)
Harry A. Olivar, Jr. (admitted *pro hac*)
Molly Stephens (admitted *pro hac*)
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Fax (213) 443-3100

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 20th day of June, 2012.

*/s/ Edward J. McDonough Jr.*
_____
Edward J. McDonough Jr.